**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

September 21, 2022

**LETTER ORDER**

RE:   *FreeState Justice v. LaMaster*
      JKB-22-2410

Dear Counsel:

I have reviewed the plaintiff FreeState Justice, Inc.'s ("FreeState") *ex parte* motion for a temporary restraining order and supporting memorandum, ECF 2 & 2-1, and its verified complaint, ECF 1. The motion was served today on the defendant, Jeremy LeMaster, via electronic mail and U.S. mail. The supporting memorandum was not served on LeMaster. For the following reasons and those stated in the accompany Temporary Restraining Order, I will grant FreeState's motion in part.

FreeState claims, *inter alia*, violations of the Defend Trade Secrets Act ("DTSA"), the Maryland Uniform Trade Secrets Act ("MUTSA"), and the Computer Fraud and Abuse Act ("CFAA"). A court may grant an injunction under both the DTSA and the MUTSA to enjoin "actual or threatened" misappropriation. 18 U.S.C. § 1836(b)(3)(A)(i); Md. Code Ann., Com. Law § 11-1202(a). A court also may grant an injunction under the CFAA to "[a]ny person who suffers damage or loss by reason of a violation of this section." 18 U.S.C. § 1030(g).

The standard for granting a temporary restraining order "is the same as for granting a preliminary injunction." *Montgomery v. Hous. Auth. of Balt. City*, 731 F. Supp. 2d 439, 441 (D. Md. 2010). Thus, a party seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 29 (2008); *see also Montgomery*, 731 F. Supp. 2d at 441 (citing same standard for temporary restraining order). The movant bears the burden of establishing all four factors. *Montgomery*, 731 F. Supp. 2d at 441–42.

FreeState has met its burden of establishing each factor. First, FreeState has established a likelihood of success on the merits. It alleges LaMaster continued to access, without authorization, FreeState's protected computer systems after LaMaster's termination, causing damage and loss in the form of responsive actions. Second, FreeState has established the likelihood of immediate and irreparable harm as LaMaster retains access to its systems and confidential, proprietary, and trade secret information and has used that access and information in ways adverse to FreeState. Third,

*FreeState Justice v. LaMaster*
JKB-22-2410
September 21, 2022
Page 2

FreeState has established the balance of the equities tips in its favor because LaMaster allegedly has no right or valid claim to the information and no right to access the accounts or systems. Finally, FreeState has established that the public interest supports injunctive relief because LaMaster's actions prevent FreeState from serving its clients and the public and because the public has a weighty interest in protecting organizations from disruptions and losses caused by former employees.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the Court "may issue a temporary restraining order without written or oral notice to the adverse party only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FreeState has met both requirements for the issuance of a temporary restraining order without notice. FreeState has submitted a verified complaint clearly showing immediate and irreparable injury, loss, and damage will result to it before the defendant can be heard in opposition. The claimed injury is described above, and in greater detail in FreeState's filings. In addition, FreeState's counsel has certified in writing that LaMaster "has ignored multiple requests from [FreeState] to cease and desist their conduct," including text messages from FreeState's Board Chair on September 16, the termination letter directing them as to what they could not do, and a September 17 cease and desist letter from counsel to which LeMaster did not respond. The cease-and-desist letter "informed [LaMaster] that FreeState would take all available legal remedies should they not rectify their conduct." After the cease-and-desist letter was sent, on September 19, LaMaster used FreeState's mass-email service, Constant Contact, and the organization's contact list to send a "threatening, accusatory, and defamatory email to the entirety of FreeState's 43,000 contacts." The email "suggests that the FreeState Board of Directors are white supremacists and openly calls for action against" it. And then, on September 21, FreeState discovered that LaMaster "had engaged in two additional unauthorized actions: 1. Removed all employee permissions to an admin email account used for clients to share documents and information with FreeState;  2. Called Okta [an identity and access management company] and canceled FreeState's help ticket to allow it to restore access." These certifications of counsel show that LaMaster has been afforded notice of FreeState's concerns and demands but has ignored FreeState's requests and instead taken further actions adverse to FreeState.

I grant FreeState's request for a temporary restraining order, but only in part. I will not issue an order prohibiting LaMaster "from communicating with FreeState donor or funding streams identified in the FreeState documents misappropriated by [LaMaster]." This request is vague, overbroad, and does not describe in reasonable detail the acts restrained, as required by Rule 65(d)(1)(C). FreeState has not identified with specificity the "FreeState donor or funding streams," making compliance with and enforcement of the order difficult. In addition, a prior restraint on communications with third parties that is not tailored to prevent immediate, irreparable harm is overbroad. If FreeState wishes to identify the individuals or organizations with specificity and explain why LaMaster's communication with them is unlawful and will cause the organization

*FreeState Justice v. LaMaster*
JKB-22-2410
September 21, 2022
Page 3

immediate and irreparable harm, FreeState may submit a supplemental motion with a supporting memorandum.

I also will not issue an order requiring LaMaster "to submit to a full and complete forensic inspection of all computers, computer devices, peripherals, mobile devices, internet-based or 'cloud'-based storage sites or services, or other information-storing equipment, software, or services ('Storage Locations') in which Defendant has stored information belonging to FreeState at any time, at Defendant's expense." Nor will I order that LaMaster "submit an accounting of all unauthorized changes they made to FreeState's accounts and systems, including: i) Files they deleted or altered; ii) Reports they deleted or altered; iii) Emails they deleted; and iv) Records they downloaded, shared, or altered." Both requests are for remedial relief for past harm, not for injunctive relief to prevent imminent and irreparable harm.

Finally, I have tailored portions of the requested temporary restraining order to be reasonably detailed in the acts prohibited as required by Rule 65(d)(1)(C).

A hearing on the motion for a temporary restraining order is scheduled for Monday, September 26 at 11:00 a.m. at the Baltimore Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201. The courtroom will be identified on the court's website before the hearing. Counsel for FreeState is directed to send this Letter Order and the Temporary Restraining Order via overnight mail to the defendant Jeremy LaMaster at their last known address and to send the same documents via electronic mail to their last known e-mail address.

Although informal, this letter is an Order of the Court and will be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge