# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FREESTATE JUSTICE, INC.,** | * | |
| Plaintiffs | * | |
| v. | * | Civ. No. JKB-22-2410 |
| **JEREMY LAMASTER,** | * | |
| Defendant. | * | |

## AMENDED TEMPORARY RESTRAINING ORDER

Plaintiff FreeState Justice, Inc. ("FreeState") having moved for a temporary restraining order, and the Court having considered FreeState's papers in support of the motion; and

IT APPEARING to the Court that there is a likelihood that immediate and irreparable injury, loss, and/or damage will result to FreeState's business interests, including, but not limited to, its client, donor, and grant funding relations, if LaMaster is not temporarily restrained, as set forth below, before a full adversary hearing can be held; and

IT APPEARING to the Court that the likelihood of irreparable harm to FreeState if the requested injunctive relief is denied outweighs the likelihood of harm to LaMaster if the requested injunctive relief is granted; and

IT APPEARING to the Court that FreeState has established a likelihood of success on the merits of its claims set forth in its Verified Complaint; and

IT APPEARING to the Court that the public interest would be served by the requested injunctive relief;

NOW THEREFORE, it is, this 21st day of September, 2022 at 11:00 p.m., hereby ORDERED, for the reasons stated herein and in the accompanying Letter Order issued on this same day, that

1. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a period of fourteen (14) days, LaMaster is hereby TEMPORARILY ENJOINED AND RESTRAINED during the pendency of this Order, and any extensions thereto, as follows:

   a. **Non-Access, Non-Disclosure and Non-Use of Trade Secret Information:** LaMaster is prohibited from accessing, disclosing and/or using FreeState's donor and funding streams, client list, or mailing list;

   b. **Return of Records and Other Property, Including Passwords:** LaMaster is ordered to

      i. Immediately stop using FreeState property and IT assets;

      ii. Return immediately to FreeState their FreeState computer and any and all records (whether on paper, computer disks, online or cloud storage, or in some other form) and copies of records pertaining to all user names and passwords to FreeState's email and other IT assets;

      iii. Immediately restore all administrative access to FreeState's IT assets that they revoked from FreeState users without authorization;

   c. **Preservation:** LaMaster is ordered to preserve and not alter the contents of FreeState's laptop in advance of return to FreeState;

2. This Court SHALL RETAIN jurisdiction to enforce the terms of this Order, and any party affected by this Order may apply for a modification or dissolution of this Order on at least two (2) days' advance notice to the party that obtained the Order;

3. A hearing on the motion for a temporary restraining order SHALL BE HELD on Monday, September 26 at 11:00 am at the Baltimore Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201; and

4. Counsel for FreeState SHALL SEND a copy of this Temporary Restraining Order and the related Letter Order issued this same date via overnight mail to LaMaster at their last known address and via electronic mail to their last known e-mail address.

Deborah L. Boardman
United States District Judge